IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAUL SAUCEDO-CERVANTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1112−NJR |
| | ) |
| KEVIN CHILDERS, | ) |
| ALLAN J. BRUMMEL, | ) |
| SUSAN WALKER, | ) |
| JOHN PETERSON, | ) |
| SHERRY BENTON, | ) |
| M. MILLER, and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Raul Saucedo-Cervante, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Centralia and Danville Correctional Center ("Danville"). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

1

The Court's initial review of the Complaint suggests that there are parties and claims that are improperly joined in this action pursuant to Federal Rule of Civil Procedure 20. Thus, before screening the case on the merits, the Court must sever this action into separate cases.

## The Complaint

Plaintiff developed problems in his left eye in March 2016 and began seeking treatment from Danville's medical staff on March 27, 2016. (Doc. 1, p. 3). Plaintiff continued to seek treatment during 2016, and in August, Nurse Jane Doe told him he was on the list to see Brummel, the optometrist assigned to Danville. (Doc. 1, pp. 2, 4). Plaintiff finally saw Brummel on September 29, 2016, but he alleges that Brummel's treatment did not resolve his symptoms. (Doc. 1, p. 5; Doc. 1-1, p. 12). Plaintiff filed a grievance, but Benton ultimately denied it. (Doc. 1, pp. 5-6).

In March 2017, Plaintiff transferred to Centralia. (Doc. 1, p. 6). He continued to complain to medical staff about his left eye. (Doc. 1, pp. 6-7). On February 7, 2018, Plaintiff saw Childers, the optometrist at Centralia, but Plaintiff alleges that Childers was deliberately indifferent to the condition of his left eye and only prescribed more eye drops. (Doc. 1, p. 7). Plaintiff wrote a grievance, but Walker denied the grievance. *Id*. Benton then denied Plaintiff's appeal. (Doc. 1, pp. 7-8). Plaintiff continues to experience blurry vision, pain, headaches, and sensitivity to light. (Doc. 1, p. 8).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Childers, Walker, and Benton were deliberately indifferent to Plaintiff's left eye condition in violation of the Eighth Amendment;

**Count 2 –** Brummel, Peterson, Benton, M. Miller, and Jane Doe were deliberately indifferent to Plaintiff's left eye condition in violation of the Eighth Amendment.

As explained below, Count 1 will proceed in this action, but Count 2 will be severed into a new case.

In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). A prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of law of fact common to all defendants will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607.

Unrelated claims may be joined pursuant to Federal Rule of Civil Procedure 18 where Rule 20 has already been satisfied. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Thus, the analysis the Court must perform in determining whether claims are properly joined is twofold: (1) first, a court must determine whether defendants are properly joined

pursuant to Rule 20, and (2) second, a court may then consider any unrelated claims against one or more of the group of defendants properly joined in the first step.

After applying this test, it is clear that Plaintiff's claims belong in separate lawsuits. He raises claims that arise out of his time at two different prisons. There are different defendants involved in each course of treatment that Plaintiff complains about. The claims are also separate in time—Plaintiff's claims at Danville arise in 2016, but the Centralia claims are from 2018. Based on the differences in time, actors, and location, the claims do not appear to be part of the same transaction or occurrence, making joinder inappropriate. Also, venue as to the Danville claims is likely improper in this district, because the events Plaintiff complains about there did not happen in this district, and none of the defendants are located here. Venue will be addressed in full by separate order.

Rule 20 specifies that the Court must divide the Complaint into two actions. Next, the Court must consider whether Rule 18 permits joinder of any claims against common parties. Rule 20 may permit Plaintiff to join his claim against Benton for her response to the Danville grievances in this lawsuit with claims against Benton for her response to the Centralia grievances. Because the other Danville claims will proceed in a separate lawsuit, however, and because there are common facts between the other Danville claims and Plaintiff's Danville claims against Benton, the Court will exercise its discretion under Federal Rule of Civil Procedure 21 and sever Plaintiff's claim against Benton based on the Danville grievances into the Danville action. *See Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). This severance will promote judicial economy because a finding that the medical defendants from Danville were not deliberately indifferent would also be dispositive as to Plaintiff's claims against Benton for denying his grievances regarding their conduct.

Count 1 shall remain in this action. A separate order will be issued in this case to review the merits of that claim. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any defendant at this time, pending the Section 1915A review.

**Disposition**

For the reasons set forth above, Count 2, which is unrelated to Count 1, is severed into a separate case. Count 1 against Childers, Walker, and Benton shall stay in this case. The severed case shall contain Count 2 against Brummel, Peterson, Benton, Miller, and Jane Doe. The Clerk of Court is directed to terminated Brummel, Peterson, Miller, and Jane Doe from this action.

The claims in the severed case shall be subject to merits review pursuant to 28 U.S.C. §1915A after the new case number and judge assignment is made. The Clerk is **DIRECTED** to file the following documents in the new case:

1) This Memorandum and Order;
2) The Complaint (Doc. 1); and
3) The Motion for Leave to Proceed *in forma pauperis* (Doc. 2).

Plaintiff **will be responsible for an additional $400.00 filing fee** in the newly severed case. No service shall be ordered in the severed case until the § 1915A review is completed.

**DATED:  May 16, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**